FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 SEP 18 PM 4: 35

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ROBERT J. WATSON SR.,           )
                                )
      Plaintiff,                )
                                )
v.                              )       Case No. CV406-204
                                )
MEMORIAL HEALTH                 )
UNIVERSITY MEDICAL CENTER,      )
                                )
      Defendants.               )

## REPORT AND RECOMMENDATION

On August 18, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

In his complaint, plaintiff asserts that he was subjected to "kidnapping and false imprisonment" by nurses and security guards at Memorial Health University Medical Center on August 14, 2002. Doc. 1. According to plaintiff, when he refused treatment at the Memorial emergency room, a nurse had security guards seize him and forcibly draw a blood sample. He was then "involuntarily admitted" into the Clark Center, where he was held against his will for six days.

Plaintiff's claim is time-barred.[1] The applicable statute of limitations for § 1983 actions is governed by state law. Wilson v. Garcia, 471 U.S. 261, 267 (1985). The Eleventh Circuit has held that the appropriate limitations period for all § 1983 actions in Georgia is two years. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). According to the complaint, all the actions plaintiff complains of took place during the six-day period from August 14, 2002 until August 20, 2002. Plaintiff should have filed his complaint by August 20, 2004. He did not. Rather, his complaint was executed on August 11, 2006 and was filed with this Court on August 15, 2006, nearly two years after the limitations period had expired. Accordingly, plaintiff's § 1983 claims are time-barred and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 18th day of September, 2006.

/s/ illegible
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even if timely, plaintiff's complaint is legally insufficient for it fails to assert that defendant acted under color of state law or in concert with any state official, a necessary element of a § 1983 claim. "Private hospitals . . . are not state actors for purposes of Section 1983." Englelhardt v. Beth Israel Medical Ctr., 2000 WL 1871736, at * 3 (S.D.N.Y. Dec. 20, 2000).